Parsons, C. J.
In the argument of this cause, observations were made that the alteration of the way established by these proceedings was unnecessary, and that the damages were unreasonable These are questions of which this Court has no jurisdiction ; it belongs exclusively to the Sessions to decide whether the alteration prayed for, is, or is not, of common necessity and convenience. And the damages must be assessed by the locating committee, subject to the control of a jury, which the Sessions are obliged to direct the sheriff to summon at the request of the party aggrieved. The only question before us on ti»3 record here certified, is, whether the Sessions have, or have not, proceeded legally in the exercise of this branch of their jurisdiction. If they have, the proceedings must be affirmed ; if not, this Court will quash them.
The first exception to the record is, that it does not appear that the locating committee were duly sworn to perform the service assigned them, and to estimate the damages. It appears that the warrant, under which the committee acted, particularly , # i described their whole duty ; and the terms of the *oath *■ ■* *358 taken by four of them are, that they were sworn faithfully and impartially to perform the service to which they were appointed by the warrant. The other member of the committee was,sworn faithfully and impartially to discharge the trust reposed in him by the warrant. We are of opinion that the form of the oath, conceived in these very general terms, embraces every part of the duty of the committee, and that this exception cannot prevail.
The second exception is, that the locating committee did not give seasonable notice to the defendants; as the warrant is dated the thirtieth day of September, 1805, and the return is dated the next day. It is not usual for the chairman of a committee, after the appointment, to notify the parties interested, before the warrant is in fact issued, and to take out the warrant on any day before the committee proceed to execute it; probably this was the case here. But however this might be, it appears from the record that after the return of the committee, the defendants remonstrated to the Ses sions against the proceedings of the committee, and stated their several objections to them; but no objection is made to the notice given them. For this reason we are satisfied that this exception is insufficient.
A third exception is, that the committee reported a discontinuance of a certain way in Westborough, without any authority from their warrant, and that the Sessions had discontinued that way, when no application had been made for that purpose. It appears from the record, that the application was for the alteration of a way in West-borough ; and that the discontinuance reported and ordered was of the old way, which was now unnecessary by reason of the altera tian. On this view of the case, we are of opinion that the exception is not well founded. For establishing an alteration in a way is, in law, a discontinuance of the part altered (1) ; and the report of the discontinuance, and the acceptance of it, are merely surplusage. On any other principle, the applying for an alteration must be an application for a new way, and not for altering an old one.
[ * 408 ] * The last exception is, that no time is allowed for the owner of the land, over which the new way is laid, to take off the wood, timber, or trees, growing thereon, agreeably to the statute of 1802, c. 135. Before we can allow any weight to this exception, the Court must presume that there were wood, timber, or trees, growing on the land; and that it was reasonable that' time should be allowed for taking them off. But this presumption we are not authorized to make; because, in fact, roads are *359 frequently located or altered over land on which no wood, timber, or trees, are standing.
As we are not satisfied that any of the exceptions are sufficient to quash the proceedings, it is the opinion of the Court that they be affirmed.

 [Commonwealth vs. Cambridge, 7 Mass. 158.—Ed.]