<div style="margin-left:auto">Reed<br>v.<br>Northfield.</div>

an indictment, or other penal proceeding for that purpose, it would be necessary to follow the established form of pleading applicable to that form of proceeding. The circumstance that a judgment in this case would be no bar to an indictment against the town, founded upon the same facts, shows clearly the legal distinction between the two cases ; the one is remedial, and seeks indemnity against a party made liable by law to repair the loss he has occasioned, the other is penal, and seeks to punish the party for the violation of a duty imposed by law.

*Motion for a new trial and motion in arrest of judgment overruled, and judgment on the verdict for double damages.*

---

## ABIJAH BLISS *versus* The Inhabitants of DEERFIELD.

Upon a petition to the commissioners of highways representing that the limits of a highway between certain termini were undefined, that no perfect record of the same could be found, and that useful alterations might be made in the road, and praying the commissioners of highways to view the same and make such permanent boundaries and *alterations* as they might deem expedient, the commissioners laid out the road by metes and bounds, declared it to be of common convenience and necessity, and established it as a common highway. It being objected that the commissioners exceeded their jurisdiction, in laying out a *new* road, it was *held,* that if the word *alterations* was used technically in the petition, as the substitution of one road for another, the act of the commissioners was by legal implication an alteration, the part of the old road which was superseded being, without express words, discontinued ; and if *alterations* was not used technically, there was no color for the objection.

The provision in *St.* 1825, *c.* 171, § 4, that it shall be the duty of commissioners of highways to cause all roads located by them, to be constructed and finished to their *acceptance,* was not intended to vary the responsibility of towns under *St.* 1786, *c.* 81, § 7, for injuries occasioned by defects in highways, nor in any event to give the party injured an action against the county.

The *acceptance* by the commissioners, contemplated by the statute of 1825, is not the acceptance of the highway, or the act which opens it as a highway for public use, but it is the acceptance of the construction of the road.

The town becomes responsible for an injury occasioned by a defect in a highway, from the time when the way is opened for public travel.

Evidence that a road has been paid for by order of the commissioners, and that it has been in fact travelled from the time when it was left by them as being finished, is admissible in favor of a stranger injured by reason of a defect in the road, against the town, to prove that the road had been opened for public use and had been accepted and adopted by the town as a highway. And in this view, the certificate of the commissioners of highways to the county commissioners, that a certain sum of money was due to a person named, for his services in making the road, was *held* to be competent evidence.

n an action against a town to recover damages for an injury occasioned by a defect in a highway, it is no justification to the town, that such defect existed in the road as it was left by the commissioners.

THIS was an action on the case upon *St.* 1786, *c.* 81, § 7, to recover double damages for an injury sustained by the plaintiff in October 1831, by reason of a defect in a highway in the town of Deerfield, leading from Deerfield river bridge to Greenfield village. The alleged defect was the want of a railing on one side of the road. Trial before *Shaw* C. J.

To prove that the place where the accident happened, was a highway for the defect in which the town was responsible, the plaintiff offered in evidence a record of the Court of Sessions. By this it appeared, that, pursuant to *St.* 1825, *c.* 171, the road had been adjudged to be of common convenience and necessity, and been duly located and established as a highway, by the commissioners of highways, in December 1827, and that their proceedings had been returned to the Court of Sessions and recorded.

The defendants objected to the sufficiency of the proof of laying out the highway. It appeared that two petitions were presented to the commissioners of highways, in relation to this road. One was the petition of the selectmen of Deerfield, praying the commissioners to view and lay out a highway, commencing at a point named, in Deerfield, and terminating at another point named, which was on or near the boundary line between Deerfield and Greenfield. The other petition was presented by certain individuals, representing that the limits of the public highway from the village in Greenfield to the north line of Deerfield is undefined, and that no perfect record of the same can be found, and that in their opinion some alterations may be made in the road, which may be of public convenience, and praying the commissioners to view the same, and make such permanent boundaries and alterations as they may deem expedient. The commissioners proceeded in due form and laid out the road by metes and bounds, declared it to be of common convenience and necessity, and established it as a common highway. That part of the way at which the accident happened, was within the portion prayed

for by the selectmen of Deerfield, whose petition did not mention alterations. It was objected by the defendants, that the whole was to be treated as one proceeding; that as one of the petitions prayed for alterations, it was not within the jurisdiction of the commissioners to lay out a new road; and therefore, that the proceedings were void. But this objection was overruled.

It was contended by the defendants, that as the statute of 1825 required the commissioners to cause the highway to be constructed at the expense of the county, the construction of the road to the acceptance and satisfaction of the commissioners was a condition precedent to any liability of the town to repair and maintain it. Whereupon the plaintiff offered a record of the county commissioners, of December 1829, purporting to be a certificate from the commissioners of highways, for the payment of divers sums of money for services on highways, and among others, the following relating to the road in question, viz. " To Thompson Smith for making a highway in Deerfield and Greenfield, $ 172·48," — and an order of the county commissioners upon the treasurer of the county, for the payment of those sums. Whereupon it was ruled, that this certificate was competent evidence that the road had been constructed by the commissioners of highways to their satisfaction, prior to the time when the accident occurred, and that it was then a public highway. To this decision the defendants objected.

The defendants further contended, that as it was the duty of the commissioners to cause the highway to be constructed and completed, before the duty of the town arose, the town sufficiently discharged their duty and ought to be exempt from liability, if they kept it in as good a condition as that in which the commissioners left it; and they offered to prove that it was in as good a condition when the accident happened, as when the commissioners left it. But it was ruled, that if the highway was not safe and convenient, according to the requisition of the statute, when the accident happened, it would be no excuse or justification for the town, that the same defect or want of necessary repair and amendment existed in

the highway when it was constructed and left by the commissioners.

A verdict being found for the plaintiff, the defendants moved for a new trial, on the ground of these exceptions.

The cause was argued in writing.

*Wells*, for the defendants, said that a *new* road had been laid out the whole distance included in both petitions, and he insisted that a *new* road could not be laid out upon a petition for an *alteration* of an existing road. *Commonwealth* v. *Cambridge*, 7 Mass. R. 158.

The certificate of the commissioners for the payment of a sum of money to Smith, for making the road, was not competent evidence to prove that the road was constructed and finished to their acceptance ; 1. Because it was not the object of the certificate to make known that fact ; 2. Because the giving of the certificate was consistent with the supposition that the road was not then finished ; and 3. Because it was indirect or inferential evidence that the road had been accepted, when, if it had been, the fact might have been proved by direct evidence. *Dudley* v. *Sumner*, 5 Mass. R. 463 ; *Catlin* v. *Ware*, 9 Mass. R. 220 ; *Waterman* v. *Robinson*, 5 Mass. R. 303. By a fair construction of *St.* 1825, c. 171, § 4, the decision of the commissioners, accepting the road as constructed and finished, should have been in writing and have been proved by a record of the Court of Sessions.

The defendants are not responsible for a defect in the original construction of the road, for until the road was finished and accepted, they had no right to take measures for curing the defect. The plaintiff has no remedy in the present case. The law requires no more than that reasonable provision shall be made for the safety of the traveller, and the commissioners' acceptance of the road as finished " in such a manner as will best promote the public interest," is conclusive on that point. But if the plaintiff has a remedy, it is against the county ; whose duty it was, by their agents the commissioners, to have made the road safe for travellers. *St.* 1786, c. 81, § 7.

*Billings* and *J. Clark* for the plaintiff.

SHAW C. J. drew up the opinion of the Court. The first objection is to the proof that the place, at which the accident occurred, was a highway.

The specific objection is, that one of the petitions to the commissioners of highways was a petition for alterations of a highway, and under it the commissioners had no jurisdiction or authority to lay out a new highway. The defendants rely on the case of *Commonwealth* v. *Cambridge*, 7 Mass. R. 158.

These cases are entirely different. In the case cited, the petition was for two alterations, describing them particularly by their *termini*, where the old road might be beneficially turned. Under this petition, the adjudication was, that it was of common convenience and necessity to have one of the alterations made, but that the existing road should not be discontinued. It was upon the ground of this last part of the adjudication, that the Court decided that they had exceeded their jurisdiction ; that to *alter* or change a road, is a substitution of a new for an old one, and unless the old one is at the same time discontinued it is not an alteration, but the laying out of a new road. But the Court say at the same time, that if the adjudication had said nothing about the discontinuance of the old road, it would have been discontinued by necessary legal implication. And for this they cite *Commonwealth* v. *Westborough*, 3 Mass. R. 406. This case supports the doctrine, and decides that where application is made for the alteration of a highway, and one is established by commencing at one point in the old road and terminating at another, the old road between the same *termini* is by legal implication discontinued, and that words declaring such discontinuance would be surplusage. Then how does it appear upon this record, that the commissioners exceeded their jurisdiction ? It is very doubtful whether this was a petition for an *alteration*, within the meaning of the rule, or whether the word *alteration* was used technically, but if it was, then the act of the commissioners, by legal implication, was an alteration, and those parts of the old way which were superseded or departed from by the new, without express words were discontinued, and they have not exceeded their jurisdiction. If it was, by fair construction and substantially, a

petition to lay out and establish a highway, between the *termini*, not using the term *alteration* technically or strictly, as the substitution of one way for another, then there is no color for the objection.

2. The next exception was taken to the competency of certain evidence, which was admitted, tending to show that the road had been constructed to the acceptance of the com-missioners of highways. This objection, we think, is founded upon a misconception of the object and effect of the statute of 1825, the relative rights and duties of towns and counties under it, as well as those of the public.

The general purpose of the statute of 1825 was to transfer most of the powers of Courts of Sessions, upon the subject of roads, to the commissioners of highways, thereby provided for, and § 4 directs that it shall be the duty of the commis-sioners, to cause all roads located by them, to be constructed and finished, to the acceptance of said commissioners, in such manner, as will best promote the public interest ; it then pro-vides, that they shall certify the expenses to the Court of Sessions, who are to draw warrants on the county treasury therefor, and it further provides, that all acts, decisions and orders of the commissioners, whether they relate to the loca-tion, construction or discontinuance of any road, shall be re-turned to the Court of Sessions and be recorded.

The Court are all of opinion, that the statute did not alter or vary the responsibility of towns as created by the 7th sec-tion of *St.* 1786, *c.* 81, under which this action is brought, nor does it in any event give a right of action to a person suffering from the insufficiency of the highway, against the county. The commissioners were in no proper sense the agents of the county, for whose acts or defaults the county, in its corporate capacity, is responsible. They were public officers, whose duties were prescribed by law.

One purpose of the statute was, in aid and ease of the town, to provide that the burden of making roads originally, so far as it consisted in the cost of land taken, and first con-struction, should be placed upon counties, and this was made the duty of commissioners ; but from the time the road shall be opened for travel, the town is responsible for insufficien

cies in the road, in the same manner as if this act had no been passed.

But then it is urged, that the town may be made responsible before the commissioners have performed the duty incumbent on them, and if the town can be responsible for damage, before the road has been constructed and accepted by the commissioners, they would in like manner be responsible from the moment the way is adjudged and laid out as a highway ; and this would involve the absurdity, that if a man immediately after such adjudication and before the road should be prepared for travellers, should attempt to pass it and meet with an accident, he would have a claim on the town. But if this absurdity exists, it is not the creation of this statute, but existed in as great a degree when the burden of original construction was on the town. But all laws must have a reasonable construction. The various acts necessary to fit a highway for public use, must be done *gradatim*. Rocks and trees cannot be removed, valleys filled and mountains levelled, by a judicial decree. The adjudication that a given track thenceforth shall be a common highway, does not make it a safe and convenient road. Time must be allowed after the adjudication to do the needful work. If it is not done within the time allowed or required, those whose duty it is, are to be compelled by the various modes known to the law. But when they have undertaken to do it and profess to have done it, and remove the bars, and open it for public use, this is a permission and invitation to travellers to use it, and then the liability for damages attaches. And, perhaps, it would not be too much to say, that if a traveller were to enter it under any circumstances, before it is so opened, and an accident should happen, it must necessarily be attributed to his own rashness or negligence, in which case it is very clear, he could have no remedy against any body.

Considering, then, that the object was to relieve the town from the original burden of making the road, and to lay it upon the county, it became the obvious duty and interest of the town, to see that the commissioners performed what was incumbent upon them, and at all events to see that the road was not laid open for public use, until it was so constructed

is to be safe and convenient.   If, therefore, the commissioners entered into a contract for constructing the road, and in due time the bars were removed and it was opened for public travel, used by the town and permitted by them to be used by others, without objection, then the duty and obligation of the town to make good all losses occasioned by defects, practically and efficiently attached   What is evidence of the opening of the road for public use, what constitutes notice to the public, that those whose duty it is to make it consider it finished and opened for use, the statutes on the subject have nowhere provided.   It is then a fact to be proved by the acts, conduct and declarations of those whose duty it is to finish and open it.

The *acceptance*, therefore, by the commissioners, contemplated by the 4th section of the statute, is not the acceptance of the highway, or the act which makes it a highway or opens it as such for public use.   It is not, therefore, one of those official acts necessary to be proved by a record.   The acceptance contemplated, is the construction, the work which it is made their duty to see to.   The general fact to be proved is, that the road was opened for public use.   The fact, that it had been paid for, by order of the commissioners, together with the other facts which were uncontested, that it had been in fact travelled and used from the time it was left by the commissioners, was competent evidence, in favor of a stranger and against the town, that it had been opened for public use, and accepted and adopted by the town, and constituted *primâ facie* evidence of the fact, and it was for the town, if they could, to rebut this presumption.   Indeed, the defendants, in another part of the case, claimed that the act of the commissioners was conclusive evidence, that the road was safe and convenient as far as it was contemplated by the legislature that it should be made so.   But waiving this for the present, we think such act of the commissioners, taken in connexion with the acquiescence of the town, was evidence against the latter, that they considered it opened as a highway.   The evidence, therefore, of a payment for making this highway, was not in its nature *secondary* evidence ; it was one of the circumstances, to be weighed and considered

by the jury, in proof of the fact, that the highway was opened for public use. In this view, the certificate of the commissioners of highways to the county commissioners, of the sum of $172·48 due to Thompson Smith for making this road, was competent evidence. If that was only for part of the work, and there were other contracts unexecuted, that fact was to be shown on the other side, to do away the force of the presumption.

If this is not a correct view of the law, and if the complete construction and finishing of the road, to the acceptance of the commissioners of highways, and that to be proved by their certificate returned and recorded, were a condition precedent to the establishment of the highway and the liability of the town, then the town, instead of having an interest to see that the commissioners had done this duty, and performed that service, which was intended for the relief and benefit of the town, would have an interest exactly the other way, because until thus done and certified, the town would be exempt from all liability to travellers. If such an excuse would avail two years, the town lying by, suffering the road to be opened and used by travellers, taking no means to see that the commissioners did their duty, it is not perceived why the same excuse would not avail for ten or twenty years, and the wholesome provisions of the statute, giving a remedy against towns for defects of highways, would be practically defeated.

3. The last objection taken by the defendants was, that as it was the intention of the statute last cited, (*St.* 1825, *c.* 171, § 4,) to make the commissioners of highways judges of what the public interest should require, the town sufficiently discharged their duty, if they kept it in as good a condition as that in which the commissioners left it ; and they offered to prove that it was in as good a condition, when the accident happened. But it was ruled, that if the highway was not safe and convenient according to the requisitions of the statute, it would be no excuse or justification for the town, that the same defect, or want of repair and amendment, existed when the commissioners left it. The manner in which it was constructed and made, was a consideration for the jury

as the act and opinion of the commissioners, persons skilled in the subject and competent to judge, but it was not conclusive.

<div style="text-align: right;">Bliss<br><i>v.</i><br>Deerfield.</div>

The Court are all of opinion that this direction was right. The reasons are to be found in considerations already suggested. It was not the intention of the statute to alter or vary the responsibility of towns under the statute of 1786, in regard to roads when made ; but only to provide for the relief of towns by throwing the original expense of construction on counties. If, therefore, the commissioners did not make the road safe and convenient, although the town would have good ground to seek a remedy, it would not take away the responsibility of the town to others.

*Motion for a new trial overruled, and judgment on the verdict for double damages.*