*E. B. Stoddard*, for the defendant.

*D. Foster*, for the plaintiff.

---

## ELIPHALET THORPE *vs.* COUNTY COMMISSIONERS OF WORCESTER.

A writ of *certiorari* will not be issued to correct the proceedings of county commissioners, who, after having adjudged that a road should be constructed, and having laid it out over a portion of the route proposed, have rescinded their adjudication on the ground that public necessity does not require the construction of the road over the remainder of the route.

*It seems*, that an adjudication of county commissioners that public convenience requires a road to be laid out may be rescinded by them at any time before the location of the road.

On a petition to county commissioners to rescind an adjudication that public necessity requires the construction of a road, no special notice need be given to the original petitioners for the road, if the road has been partially laid out; but the service of copies of the petition to rescind on the town clerks of the towns in which the said road is situated, and by posting copies of said petition in two public places of each of said towns is sufficient.

PETITION for a *certiorari* to the county commissioners of Worcester to bring up a record of their proceedings concerning

a highway.　The case was argued upon the petition and answer.

The petition alleged that in 1846 the petitioners petitioned the said commissioners to lay out a county road from a point in Athol to a point in Dana; that in 1852 the commissioners adjudged that common convenience and necessity required the construction of a road over a part of the route prayed for, to wit, from said point in Athol to a point in Petersham; and in 1853 located said road over a part only of the route embraced in their adjudication, and ordered that part to be built; that in 1856, on the petition of Artemas Bryant and others, the commissioners rescinded their adjudication so far as related to the portion not laid out; that the same persons did not constitute the board of commissioners at the time of the first adjudication as at the time of the rescission; and that public convenience and necessity still required the laying out and construction of said road over the remainder of the route prayed for.

The commissioners admitted the several petitions and proceedings as alleged; but denied that the public good required the highway to be built; and alleged that a new parallel road had superseded the necessity thereof.

*G. F. Hoar*, ( *C. Devens, Jr.* with him,) for the petitioner.

*P. C. Bacon & P. E. Aldrich*, for the respondents.

THOMAS, J.　It is well settled that the petition for this writ is addressed to the judicial discretion of the court, and that the writ will not be granted if substantial justice has been done, though the record may show the proceedings to have been defective and informal.　*Rutland* v. *County Commissioners*, 20 Pick. 77.

It is equally clear that the judgment of the commissioners upon the question of common convenience and necessity is conclusive, and that this court has no power to revise such judgment.　*Commonwealth* v. *Westborough*, 3 Mass. 406.　Rev. Sts. *c.* 14, § 31.

In the case at bar, the commissioners adjudged that the public convenience and necessity did require the laying out of a part of the way prayed for.　They laid out the road only over

a part of the route included in their adjudication. At a subsequent meeting the commissioners rescinded their adjudication as to so much of the route as had not been laid out, upon the ground that public convenience and necessity no longer required that it should be laid out.

We all incline to the opinion that the order rescinding the adjudication as to the part not located was right; that the adjudication that the public convenience and necessity require the laying out of the way is in its nature preliminary; and that no way becomes established until the location has been made. Rev. Sts. *c.* 24, §§ 6, 10, 11, 13, 31, 42, 43, 44, 46, 69, 72. *St.* 1842, *c.* 86. If the way is not established until it has been laid out, there could be no discontinuance, and the result of the want of power to revise the adjudication that public necessity and convenience require the way would seem to be that commissioners must proceed to locate and construct, although the reasons for so doing no longer existed.

But whether this be so or not, we think the point involved in the present proceedings was substantially decided in the case of *Hill* v. *County Commissioners*, 4 Gray, 414. In that case a petition had been made to the selectmen of Spencer to lay out a town way. They refused to do so. The petitioners, under Rev. Sts. *c.* 24, § 71, applied to the commissioners. The commissioners, upon a hearing of all parties interested, adjudged that the selectmen unreasonably refused to lay out the way, and that the wants of the town of Spencer required the location of a way as in their adjudication described. They afterwards laid out a part of the route and caused the same to be built. But a new road having been constructed, which rendered no longer necessary the laying out of the remainder of the way, they declined so to do. Application was made to this court for a mandamus to compel the commissioners to locate the remainder of the way. That petition, like this for a *certiorari,* addressed to the discretion of the court, was dismissed. The court would not compel the commissioners to do an act no longer required by the public wants or convenience. That certainly is a stronger case than the one at bar, the jurisdiction of the com-

missioners as to town ways being but an appellate and limited one.

As to the objection that this order was rescinded without notice to the original petitioners, the question is not raised by the petition. There is no allegation of want of notice. And looking into the record, we find that, upon the petition of Bryant and others to rescind, notice was given by publication, by causing the town clerks of Petersham and Athol to be served with copies, and by posting attesting copies in two public places in each of said towns. No special notice to the original petitioners was necessary. As a part of the route prayed for was laid out and established, they were no longer liable for costs.

*Petition dismissed.*