SALLY GOODWIN *vs.* INHABITANTS OF MARBLEHEAD.

Where county commissioners, upon a petition praying that a new piece of road may be made, or the existing road altered and shortened, and that such parts of the existing road, if any, as may be rendered unnecessary may be discontinued, laid out a new piece of road from one point in the existing road to another, and passed an order discontinuing so much of the existing road as was rendered unnecessary by the new location: *Held*, that that part of the road then existing, for which the new location was a substitute, was discontinued.

TORT for removing a fence. The plaintiff owned a piece of land formerly bounded on the old highway from Salem to Marblehead; and she claimed that in 1832 that part of the highway opposite to her land was discontinued, and accordingly she erected a fence inclosing one half of that portion of the same by which her land had been bounded, for removing which fence this action was brought. To prove such discontinuance of the highway, at the trial in the superior court she introduced a record of the county commissioners, consisting of a petition, report, and acceptance of the report, the material portions of which sufficiently appear in the opinion of the court. The plaintiff also offered evidence to prove that by laying out the new portion of the highway described in said report that portion of the old road bounding upon her land was rendered unnecessary, and that as a matter of fact it had been discontinued ; and that the defendants, since 1832, had used the next adjoining portion of the old highway, which extended along by land owned by them, in a manner wholly inconsistent with its use by the public as a highway. But *Rockwell*, J., excluded the evidence, and ordered a verdict for the defendants. The plaintiff alleged exceptions.

*J. A. Gillis & J. H. Robinson,* for the plaintiff.

*S. B. Ives, Jr.* for the defendants.

HOAR, J. We can entertain no doubt that the decision of this cause must depend upon the construction of the report of the county commissioners, taken in connection with the petition upon which they acted, and which was the foundation of the proceedings. If, by the record, the road does not appear to have been discontinued, there is nothing in the suggestion of an estoppel *in pais* which can avail the plaintiff. Beside the very serious question whether there can be an estoppel against the assertion or exercise of a strictly public right, it is manifest that the acts of the defendants, in obstructing a part of what was once a public highway, could have no effect upon any other part of it beyond the limits within which those acts were done.

Nor do we doubt that the record of a discontinuance of a part of a highway, which furnished no other guide to determine how much or what part of it was discontinued than the statement that so much of it was discontinued as was rendered unnecessary, would be inoperative and void for uncertainty The common convenience and necessity which require the discontinuance of an existing hihgway must be determined by the county commissioners. They must decide upon the existence of the necessity and its extent, just as they would do in the case of a location of a new highway. In the latter case, no one would suppose that it could be sufficient for them to adjudge, in general terms, that so much of a way prayed for "as was necessary" should be laid out. *Hinckley* v. *Hastings,* 2 Pick. 162. And the reason for definiteness and precision, in order to protect the rights of the public and of individuals, would be the same in the one case as in the other. Rev. Sts. *c.* 24, §§ 1, 4, 6, 13.

We come, therefore, to an examination of the record introduced by the plaintiff to show that the portion of the highway in controversy had been discontinued, and to consider the correctness of the ruling of the presiding judge in relation to it. The principles applicable to a question of this nature have been indicated in several adjudged cases.

In *Commonwealth* v. *Westborough*, 3 Mass. 406, it was held that "establishing an alteration in a way is in law a discontinuance of the part altered; and the report of the discontinuance and the acceptance of it, are mere surplusage." In *Commonwealth* v. *Berkshire*, 8 Pick. 343, the petition was for the location of a new way between certain *termini*, or making alterations in the existing way. The existing way was a town way over which the commissioners had no jurisdiction. They laid out a straight road between the *termini*; and the court said that calling it an alteration in their report would not vitiate the proceedings, and that it was a valid location of a new way. In *Commonwealth* v. *Cambridge*, 7 Mass. 158, the petition was for an alteration; and the adjudication was that an alteration should be made as prayed for, but that such part of the old road as lay between the two points, where the alteration began and ended, should not be discontinued. The proceedings were quashed on the ground that this, although called an alteration, amounted to the laying out of a new way, and that this could not be done upon a petition for the alteration of an existing way. But the court say that if nothing had been said about the discontinuance of the old road, it would have been discontinued by necessary legal implication; and there is nothing in their opinion to show that if the petition had asked in the alternative the laying out of a new highway the adjudication would not have been valid, although it used the phrase "alteration" coupled with the provision that no part of the old road should be discontinued. In *Bliss* v. *Deerfield*, 13 Pick. 102, it is said by Chief Justice Shaw to be very doubtful whether the language of the petition, while it used the word *alteration*, was not, "by fair construction and substantially, a petition to lay out and establish a highway between the *termini*, not using the term *alteration* technically or strictly as the substitution of one way for another."

In the petition in the case at bar, we find that two new piece of road are described and prayed for: one, which does not end in the same road from which it commenced, directly, but in another road connecting with it; and the other, in respect to

which the controversy arises, which begins at a point named in the road from Marblehead to Salem and Boston, and comes out at another point named in the same road. The petition asks " that said new pieces of road may be made, or the old road altered or shortened as aforesaid; and such parts of the present road, if any, as may be rendered unnecessary may be discontinued." Upon such a petition, it would seem to be clearly competent for the commissioners either to lay out new pieces of road and discontinue any parts of the old one, or to make a technical alteration which would have the effect to discontinue the part of the old road for which the new was substituted. And in construing the return of the commissioners, we think that such a meaning should be given to it as appears substantially and by fair interpretation, taking the whole instrument together, to have been intended by them. Applying this rule of construction, which the authorities fully warrant, we are of opinion that they intended an alteration of the old road at the place in controversy between the parties. The change prayed for was in the road from Marblehead to Salem and Boston, at a place particularly designated. The reason given for the change is that the new piece of road would be straighter than the old route, and would shorten the distance between those towns. The piece of road which the record lays out is from one point in the existing road to another; and although the record does not say, in the technical phrase, that it is an alteration, it proceeds to say that so much of the old road is discontinued " as is rendered unnecessary by the new location." We think the just construction and fair meaning of this expression, used in such a connection, is this, that that part of the old road is discontinued for which the new location is a substitute, as a travelled road from Marblehead to Salem and Boston.

As a different construction was given to the record by the judge who presided at the trial, the verdict must be set aside and a new trial granted.                    *Exceptions sustained.*