## HARK vs. GLADWELL.

*March 31 — April 20, 1880.*

COUNTY BOARDS: STATE ROADS. *(1) Ratification of committee's action. (2) Proceedings liberally construed. (3) When order laying out new line discontinues old. (4) Directory statute. (5) Highway order as* prima facie *evidence.*

1. A county board, authorized to alter a state road within the limits of the county (under Tay. Stats., p. 502, § 105), appointed a committee to "view and report" at its next meeting in regard to a change in such road, duly applied for. The committee assumed the right to make such change, gave notice of the time and place of its meeting to examine the highway and decide the application, and finally caused a survey of the road, as changed, to be made, and filed with its order for such change. *Held,* that the board might, in the first instance, have authorized such committee to decide the application and order the change (section 123 a, p. 506), and therefore a subsequent adoption of the committee's report, showing the action taken upon the subject, was a valid *ratification.*

2. Resolutions and other proceedings of county boards must be liberally construed, with a view to ascertaining the real intent; and in this case a ·esolution "that the report of the road committee be *accepted and the committee be discharged,*" is construed, in view of the whole record, as an *adoption* of the report.

3. The county board had no authority to lay out a new road, but merely to change the location of the state road within the county. The applica-

tion and notice related expressly to such a change, and they were referred to in the recitals of the order. The order itself is, merely, "that a highway be and hereby is laid out pursuant to said application," followed by a description of the new line according to the survey. *Held*, that this must be regarded as an order for a change in the existing road; and the establishment of the new line operated of itself to *discontinue* the old.

4. In view of the whole statute, so much of section 118 (p. 504) as required the order changing the road, and the award of damages, to be filed in the offices of the county and town clerks within a specified time, is *held* merely directory.

5. Where a recorded order changing a highway recites that the persons who signed the application therefor were freeholders, a certified copy of such order is *prima facie* evidence of that fact. Tay. Stats., p. 492, § 69.

APPEAL from the Circuit Court for *Chippewa* County.

Trespass to the close. Answer, that the *locus* was part of a state road duly laid out, opened and traveled in pursuance of ch. 136, P. & L. Laws of 1872, as amended by ch. 54 of 1873 and ch. 256 of 1875; and that the acts complained of were committed by defendant as overseer of roads, by direction of the proper town board.

In support of his answer, defendant put in evidence, against objection, ch. 136, P. & L. Laws of 1872, "An act to lay out a state road," etc., together with the order of the commissioners appointed by that act, laying out the road, and a report of said commissioners and maps of the highway, all filed in the proper office, in 1873. This evidence was designed to show, and was received as tending to show, that the road was laid across plaintiff's land. It was objected to on various grounds, not necessary to be stated here. There was conflicting evidence upon the question whether the land from which defendant removed plaintiff's fence was within the limits of the road as originally laid out. The plaintiff then offered in evidence certain records from the county clerk's office for the purpose of showing that so much of the alleged state road as was laid across his land, had been altered in 1878, by order of the supervisors of Chippewa county, so as to run upon the section

lines.    Proof of the alleged alteration would have been con-
clusive that the *locus* of the alleged trespass was not within
the road as altered.    The evidence was admitted against de-
fendant's objections; but the court instructed the jury that
plaintiff had failed to show any legal and complete action of
the county board of supervisors to effect such change.    There
was a verdict for the defendant; a new trial was refused; and
plaintiff appealed from a judgment on the verdict.

*Arthur Gough*, for the appellant, argued, among other
things, 1. That while the county board were perhaps unau-
thorized to discontinue a state road running in two or more
counties, they had full power to alter any portion of such road.
Laws of 1859, ch. 152, sec. 90; R. S., sec. 1300.    2. That an
order altering such road vacates the old road so far as its place
is supplied by the new, without any express order of discon-
tinuance.    *Millcreek v. Reed*, 29 Pa. St., 195; *Goodwin v.
Marblehead*, 1 Allen, 37; *Bowley v. Walker*, 8 id., 21; *Comm.
v. Westborough*, 3 Mass., 406; *Comm. v. Cambridge*, 7 id.,
158; *Grube v. Nichols*, 36 Ill., 92; *Nichols v. Sutton*, 22
Ga., 369.

For the respondent there was a brief by *Hollon Richard-
son* and *W. F. Bailey*, and oral argument by *Mr. Richardson*.
They contended that the proceedings relied on as showing an
alteration in this road were insufficient.    1. The board ap-
pointed a committee, not to discontinue the old road or lay a
new one, but merely "to view and report at the next meet-
ing;" and no authority in the committee to do any further
act can be assumed.    *Austin v. Allen*, 6 Wis., 134; *Babb v.
Carver*, 7 id., 124; *Miller v. Brown*, 56 N. Y., 383.    2. The
committee did not attempt to discontinue or alter the state
road, but merely to lay out a new highway.    The order does
not even refer to the state road; and it is the order alone from
which those interested are to know whether the supervisors
have laid out, altered or discontinued a highway.    *Isham v.
Smith*, 21 Wis., 34.    3. The award of damages was not filed

with either the county or town clerk within ten days after it was made, as the statute required; and this rendered the proceedings null. *Dolphin v. Pedley*, 27 Wis., 469.    4. There was no affirmative evidence that the persons who signed the petitions were freeholders.    A recital in the order is not sufficient.    *Williams v. Holmes*, 2 Wis., 129.    The statute making the order *prima facie* evidence, does not apply in this case, as only the record of the order was shown.    5. The notices of the meeting of the committee to decide upon the application were not shown to have been published more than fourteen days, while the statute required a publication of three weeks.

Cole, J.    It was certainly incumbent upon the defendant to prove that the *locus in quo* was a public highway, in order to justify his acts as overseer in removing the plaintiff's fences therefrom in the manner he did.    This he attempted to do by showing that there was a state road legally laid out and established at that place pursuant to the acts of the legislature mentioned in his answer.    Without deciding the question, we will assume, for the purposes of this case, that the state road across the plaintiff's land at the place in question was legally laid out and established.    Still, we think the proceedings of the county board of supervisors, which were offered in evidence, showed that this road had been changed so as to run "from the northeast corner of section 31, south on the section line, as near as practicable, to the southwest corner of section 8; thence west on the section line to the quarter stake between sections 7 and 18."

The statute gives the county board of any county through which any state road may be laid out, ample authority to alter the same within the limits of the county, but not to discontinue unless the road shall lie wholly within the county.    Tay. Stats., ch. 19, § 105.    In this case the road did not lie wholly within Chippewa county; but the board only attempted to alter, not to discontinue it.    But the learned counsel for the

defendant takes several objections to the legality of the pro-
ceedings of the county board in changing the road. In the
first place, he says the county board did not, as a body, act in
the matter, but appointed a committee of three to "view and
report" at its next meeting in regard to the change of the
state road asked for in the application which was addressed to
the board. It is true that in the resolution appointing the
committee the language used was "to view and report," etc.
But the committee assumed the right to change the highway
as prayed for. It gave notice of the time and place when it
would meet to examine the highway and decide upon the ap-
plication, and finally caused a survey of the road as changed to
be made, and filed the proper order. In all this the committee
doubtless acted in excess of the power conferred; but, upon
making report to the board of its acts in the premises, the
board ratified and confirmed what its committee had done. It
is conceded that the board might have originally given the
committee power to view and decide upon the application, and
do all in regard to changing the highway which it attempted
to do, and that its acts would then have been as binding as if
performed by the whole body. Section 123 a. And as the
board had the power to grant full authority in the first instance,
upon familiar principles it might ratify and confirm the un-
authorized acts of its committee, as it did do.

It is suggested that it does not appear that the board acted
favorably on the report of the committee by agreeing to and
adopting it. The evidence as to the proceedings of the board
shows that at the meeting of June 14, 1878, Supervisor
Hemmelsbach moved that the report of the "road committee
be accepted, and the committee discharged, which motion was
carried." This may not be the language which one experienced
in parliamentary proceedings would use in a resolution for
adopting the report as the act of the board; but there can be
no doubt that this was the intent and object of the resolution.
The whole proceedings of the committee in respect to chang-

ing the road, causing a survey thereof to be made, and making an order for laying out the new road, were all before the board for consideration, and were approved and adopted. It will not do to apply to the orders and resolutions of such bodies nice verbal criticism and strict parliamentary distinctions, because the business is transacted generally by plain men, not familiar with parliamentary law. Therefore their proceedings must be liberally construed in order to get at the real intent and meaning of the body. In this case the obvious intent was to adopt the report of the committee in changing the road, and confirm its acts, which was equivalent to giving the committee full authority to make the change in the first instance.

It is further objected that in the order the committee did not attempt to discontinue the state road, nor in terms even refer to it. But the county board had no right to lay a new road in the town. That was a matter exclusively within the jurisdiction of the town board. The only power the county board had to act in the premises was to alter the state road. It is true, it is not stated in the order making the change that the state road across the west side of the plaintiff's land was discontinued; but this was the necessary effect of the order made. A number of cases are referred to by plaintiff's counsel, which hold that establishing an alteration in a highway is in law a discontinuance of the part altered, and that an express discontinuance in the order of the old way is unnecessary; and the decisions rest upon sound reason and good sense. *Commonwealth v. The Inhabitants of Westborough*, 3 Mass., 406; *Commonwealth v. Cambridge*, 7 Mass., 158; *Goodwin v. Inhabitants of Marblehead*, 1 Allen, 37; *Bowley v. Walker*, 8 Allen, 21.

It is also objected that the order for changing the road, together with the award of damages, was not filed with either the county or town clerk within ten days from the making of such order, as required by section 118. But we do not think

it was necessary that it should have been so filed to make the proceedings valid. Whenever the town board lays out, alters or discontinues a highway, the order, together with the award of damages, must be made out and filed in the office of the town clerk within ten days after the day fixed for deciding upon the application; and, in case the supervisors fail to file such order and award within that time, the statute declares that "they shall be deemed to have decided against the application." Section 68. But no such language is found in section 118, and this shows that the legislature did not intend to make the filing of the order and award within ten days essential to the validity of the proceedings. The change in the statute can only be accounted for upon this theory.

Again, it is objected that there was no evidence that the persons who signed the application for the alteration were freeholders, and it is said that this fact should be affirmatively established. The order recites that they were freeholders, and a certified copy of the recorded order is made *prima facie* evidence of the facts therein contained. Section 69. The learned counsel for the defendant urged that this provision of the statute did not apply, but we fail to see any force in his argument on this point.

The objection that the notices for the meeting of the committee to decide upon the application were not published the requisite length of time, is clearly untenable. The evidence clearly shows that there was a publication of the notice in the *Chippewa Times*, a weekly newspaper published at Chippewa Falls, for more than three weeks before the committee met to decide upon the application.

Upon the whole record our conclusion, therefore, is that the proceedings of the county board in altering the state road were regular and valid.

*By the Court.* — The judgment of the circuit court is reversed, and a new trial ordered.