## THE STATE VS. REESA.

*November 24 — December 11, 1883.*

*Alteration of highway — Discontinuance of old line.*

A highway which otherwise followed the section line diverged from it to pass around a slough, but returned to it again on the other side of the slough. A petition having been made to discontinue the diverging portion of the highway and lay it on the section line, the town board made an order "to lay out a highway on the section line" between the points of divergence, but the old track was not formally discontinued. *Held*, that this was a mere *alteration* or straightening of the highway, and that the old line around the slough was thereby discontinued and ceased to be a lawful highway.

APPEAL from the Circuit Court for *Walworth* County. The facts are stated in the opinion. From a judgment in favor of the plaintiff the defendant appealed.

For the appellant there was a brief signed by *Fish & Dodge*, of counsel, and oral argument by *Mr. Fish.* Besides the cases cited in the opinion, they cited *Millcreek Township v. Reed*, 29 Pa. St., 195; *Goodwin v. Inhabitants of Marblehead*, 1 Allen, 37; *Bowley v. Walker*, 8 id., 21.

For the respondent there was a brief signed by *Winsor & Sprague,* and oral argument by *Mr. Sprague.* Referring to

the cases cited for the appellant they urged that to sustain this appeal the court must go much further than any of those decisions, and hold that if a highway already exists between two points a second highway cannot be laid out between the same points without discontinuing the first. In Wisconsin, unlike Massachusetts, the town board has power to "lay out," "discontinue," and "widen or alter" highways. The record in this case shows that they simply "laid out" a new highway. The necessity for laying out such new highway will not be examined into by the court. *Moll .v. Benckler*, 30 Wis., 584.

ORTON, J. This is an action for the penalty fixed by statute (sec. 1326, R. S.) for obstructing a highway, brought July 11, 1881. The facts were that for over thirty years a highway had been used by the public on the east and west section line, near this place, but at this particular point diverged from the section line in order to avoid a slough or marsh, and when the highway passed around the slough it returned again to and upon the section line. In 1873 there was a petition to *discontinue* that part of this highway which passed around the slough and lay it on the section line, the line of the main highway, and an order of the supervisors of the town was made for the "laying out of a highway four rods wide," etc., between these points of divergence from the section line, without any order discontinuing the old highway around the slough. Since that time the new or altered road has been improved and used to some extent, as also the old line in wet weather. The defendant shut up the old line just before this suit was brought, which ran through his land, and obstructed the travel thereon, as being at that time no highway.

The only question upon these facts is whether the old circuitous line around the slough has been lawfully discontin-

ued as a highway by the change of the main highway in 1873 to the section line. The petition for this change was lost and its contents testified to from memory, but the language of the witness is " to discontinue" the road around the slough. The language of the order is "to lay out a highway on the section line." It is contended on behalf of the state that the new road in 1873 on the section line was independent of the old line, and was regularly laid out as a new road, and that it did not *per se* discontinue the old line around the slough. On behalf of the appellant it is contended that this was in substance and effect a *change* or alteration of the old line, and, *proprio vigore*, discontinued the old line. The question is therefore one of construction. The language of the lost petition and the order differs, and materially, upon this question. But words do not make things or subjects, but attempts to express them only, and when the evidence shows precisely what the thing or matter really is, then mere words should not be accepted as changing such thing or matter by the mere force of definitions. On the face of the proceedings we cannot think that it was the design of the supervisors of the town to maintain two highways at this place, one around the slough and the other on the section line. It is the first impression of reason and the first suggestion of common sense that this was a mere *alteration* of a highway, and its change from a circuitous to a straight line, the result of which must be a discontinuance of the line made useless by the change or alteration. It seems to us that the main question here, when we consider the substance and not merely the names of things, was decided by this court in the late case of *Hark v. Gladwell*, 49 Wis., 177. If in this, as in that case, it was a mere *alteration*, the old way was discontinued. It is admitted by the learned counsel of the respondent that if it was an *alteration*, and not what could be called properly a new or orig-

inal highway, then the old line would in law be discontinued; and cites the above case and *Comm. v. Inhabitants of West-borough*, 3 Mass., 406, and *Comm. v. Inhabitants of Cambridge*, 7 Mass., 158, and many other cases, to show that when the road is merely changed or altered the old line is discontinued. The learned counsel of the appellant ought to feel grateful to opposing counsel for furnishing so many cases to this effect, and we need not go outside of their able brief to determine in this case that the line around the slough was long since discontinued, and has not since such alteration been a lawful highway.

When such an alteration in a highway is made, it becomes the duty of the supervisors to make the new or altered way passable for travel without delay. They cannot expect to maintain both the old and the new line beyond the time when the new line can, by its condition of utility, supersede the old one. This decision is placed more on the facts and their significance than upon the law, for upon the law both parties agree. We hold, then, that this change in the line of the highway was a mere *alteration*, change, or *straightening* of the old highway, and bringing it down upon the section line. At an early day, when the settlers were few and poor, they could not afford to make roads across marshes and sloughs, and they went around them. In time, however, it was thought best by the people of the towns to make the highways straight, and on section lines, and they were well able to do so, and the duty has been pressing upon this town since 1873 to make this road on the section line passable at all seasons of the year. It would be monstrous doctrine, if the supervisors of the town from time to time could lay out new lines through one person's farm, now here and now there, under the pretext of an alteration or straightening of the way, and then keep them all open as highways, with the liability of the owner to a fine if he shut one of them up. The question, whether of fact or of law, is too plain for

further argument. The judgment should have been for the defendant.

*By the Court.*— The judgment of the circuit court is reversed, and the cause remanded with directions to render judgment for the appellant.