WITTER, Appellant, vs. DAMITZ and others, Respondents.

81   385
85   307

*February 5 — February 23, 1892.*

*Highways: Dedication: Discontinuance by laying out new highway.*

1. The owner of land assisted in laying out a road over the same, and
   adjusted his fences with reference to it, and for more than ten years
   thereafter it was worked and used as a highway with the knowl-
   edge and assent of the owners of the land. *Held,* that such road
   became thereby a legal highway.
2. The fact that several tracks have been traveled makes no difference,
   where the owner of the land fenced out one general route, intend-
   ing it to be a dedication of a highway.
3. A highway is not discontinued by the laying out of a new highway
   to take its place until such new highway is made fit for travel.
4. The neglect of the town to fit the new highway for travel does not
   deprive the public of its right to use the old highway, nor does it
   take away the right and duty of the town to remove a fence erected
   across the old highway by the owner of the land.

APPEAL from the Circuit Court for *Wood* County.

Action for trespass alleged to have been committed by
the defendants in tearing down a fence erected by the
plaintiff. The defendants answered, among other things,
that the *locus in quo* was a public highway and the fence an
obstruction thereof. The facts are stated in the opinion.
The plaintiff appeals from a judgment of nonsuit.

For the appellant there was a brief by *Cate, Jones & San-
born,* and oral argument by *D. Lloyd Jones.* To the point
that the laying out of the new highway operated as a dis-
continuance of the old one, they cited *State v. Reesa,* 59 Wis.
106; *Hark v. Gladwell,* 49 id. 172; *Comm. v. Westborough,*
3 Mass. 406; *Comm. v. Cambridge,* 7 id. 158; *Goodwin v.
Marblehead,* 1 Allen, 37; *Bowley v. Walker,* 8 id. 21; *Comm.
v. B. & A. R. Co.* 150 Mass. 174.

*Geo. L. Williams,* for the respondents.

ORTON, J.  The facts of this case are substantially as follows: The plaintiff was in possession of the S. ½ of N. E. ¼ of section 8, township 22, range 5 E., Wood county, and town of Seneca.  In 1873, Peter Newell was the owner of the land, and assisted in laying out a road from the west in a somewhat circuitous course through the land, and fenced out the same and continued to occupy the land so fenced and help his neighbors work said road until 1881, when he sold the land to one Morehead, who continued to occupy the same in the same way in respect to said road until 1884.  The road was used and worked each year continuously 'for more than ten years from said year 1873. The road was used by the people west of this land to travel on in going to Centralia and Grand Rapids, and there was no other.  In 1885 the town attempted to change this road to the north line of this land, and on the section line towards the east, and it was opened and worked part of the way until it came to an impassable bog marsh extending some distance east.  From that point the new road has never been opened, worked, or used, and the travel had to pass down to the old road through this farm; and so it has continued to be used all the time since 1873, until the plaintiff fenced it up on her land in October, 1889.  The town directed the defendant *Damitz*, as path-master, to remove this obstruction from the highway, which he proceeded to do by the assistance of the other defendants in November, 1889, which constitutes the trespass complained of in this action.  While the obstruction remained, there was no road for the travel through or around this impassable bog.

These were the facts substantially found by the court, and a nonsuit was ordered.  This case is presented in the brief of the appellant's counsel wholly on its merits under the law.  No exceptions are discussed on either side.  The learned counsel of the appellant contend:

1. That the old road running through the plaintiff's land

was never a legal highway. The evidence is undisputed that Peter Newell, the former owner of this land, assisted in laying out this old highway, and then adjusted his fences to suit the same, and with others did work on 'the same from year to year. These were unequivocal acts of dedication of the land to the use of this road. Morehead, his successor in the title, also recognized it as a highway and never objected to the same, and for over ten years it was so worked and used as· a highway with the knowledge and assent of the owners of the land. This makes a legal highway. *Connehan v. Ford,* 9 Wis. 240. The public use of the road after such dedication need not be for a very long time to establish it. And the fact that there may have been several tracks traveled makes no difference, if the owner of the land fenced out one general route, intending it to be a dedication of a highway. *Lemon v. Hayden,* 13 Wis. 159.

2. That as soon as the new or substituted highway, on the north side of the plaintiff's farm, was laid out, the old highway *ipso facto* was discontinued. On this question the authorities must have been either misread or misunderstood by the learned counsel of the appellant. The authorities are that when the new way is laid out *and made fit for travel,* then, and not until then, the old road is discontinued, and may be fenced up by the owner of the land. It would be a most unreasonable and shocking doctrine that the old road may be fenced up as soon as the new road is laid out and remains unopened and the use of it impossible, and the traveling public is left without any road. The case cited and claimed to be in point is *State v. Reesa,* 59 Wis. 106. It is said in that case that " they cannot expect to maintain both the old and new line beyond the time when the new line can, by *its condition of utility,* supersede the old one." It is not necessary to inquire whether the new road was lawfully laid out. Taking it for granted, then, the

fact is that a portion of the new line running through the bog has remained unopened and unfit for travel and not worked for over four years. That part of the new highway, therefore, "ceased to be considered a public highway," according to sec. 1294, R. S. The learned counsel of the appellant naturally, but unguardedly, fell into a correct expression of the law on this point, when they say that "an alteration of a way by the construction of it in a different place, where it will *serve all the purposes for which it was designed or used,* works a discontinuance of that part of it not included in the new location." That impassable bog was a very poor substitute for the old road through the plaintiff's farm. The old road ceases when the utility of the new one commences, and such are the authorities.

3. That it was the duty of the town to open and make passable the new way, and it cannot now set up their own neglect in defense of the action. It is not the town, as a civil or corporate body, that is interested in the roads. It is the traveling public. The neglect of the town, or the fence of the plaintiff, cannot deprive the public of a highway in one place or the other. The closing up of the old highway by a fence was a very unreasonable and wrongful act of the plaintiff; and her fence was a nuisance and obstruction that any one wishing to use the road had the right to abate and remove in a peaceable manner; and it was the duty of the town to cause its removal at once and let through the public travel. This is a very clear case, and the circuit court did right in ordering a nonsuit.

*By the Court.*— The judgment of the circuit court is affirmed.