MILLER INVESTMENT COMPANY, Appellant, vs. CITY OF MILWAUKEE, Respondent.

*September 12—December 6, 1932.*

518

520

521

*William L. Tibbs* and *Brooke Tibbs,* both of Milwaukee, for the appellant.

For the respondent there were briefs by *Max Raskin,* city attorney, and *Mark A. Kline,* assistant city attorney, and oral argument by *Mr. Kline.*

The following opinion was filed October 11, 1932:

Rosenberry, C. J. It is undoubtedly the law of the state of Wisconsin that where an established highway or street is altered, the alteration works a discontinuance of that part of the former street not included within the boundaries of the new street and this without any express order discontinuing all or a part of the old way. *Hark v. Gladwell,* 49 Wis. 172, 5 N. W. 323; *State v. Reesa,* 59 Wis. 106, 17 N. W. 873; *State ex rel. Schroeder v. Behnke,* 166 Wis. 65, 162 N. W. 443. There are many cases in other jurisdictions to the same effect.

When in 1869 the city of Milwaukee, by the exercise of the power of eminent domain, acquired the property in

question, it did not acquire the legal title but merely an easement—the right to use the premises for the purposes of public travel. The title for other purposes remained in the adjoining owner. While it has been held that, when public authorities acquire title for purposes of public travel, sewers and other conduits may with the permission of the city be laid within the line of the street, such use of the street is an incident to the right to use the way for street purposes. No attempt has ever been made to condemn the premises in question for any use for other than street purposes. Upon what theory the property of the adjoining owner can be used for purposes which are not directly connected with public travel without imposing an additional burden, we do not need to inquire at the present time as it is undoubtedly the established law that it is subject to such use. If the premises in question were situated in the country, no question could or would be raised as to the discontinuance of that part of the old highway not included within the limits of the new highway. There are thousands of instances in the state where the rule has been applied without question, particularly in the relocation of state and county trunk highways. The same rule of law applies to the city as to the country.

The uses which the trial court found the city makes or might make of the property no doubt constitute substantial reasons why it is desirable for the city to have title to the property, but the fact that the city can use the property does not enlarge the rights of the city nor change the applicable rules of law. It is conceded that under its charter the city may condemn property for such uses. It clearly appears from the evidence, in fact it may be said to be without dispute, that public travel, using that term in any proper sense, has been wholly diverted from the premises in question and now passes over the new route, which includes only a part of the land condemned in 1869. The fact that now and then pedestrians may pass over it or it is used by persons

for parking does not in any sense of the term amount to the use of the premises for purposes of public travel. It is therefore considered that the relocation of the street lines so as to divert public travel from the tract in question operated as an alteration of the street and discontinuance of so much of the old street as is not included within the boundaries of the new street.

We do not base our determination wholly upon the language of the ordinances adopted by the common council of the city of Milwaukee. A very persuasive fact is that the street has, by the construction of a permanent paved way, permanent concrete sidewalk, and other improvements, been in fact altered. The property of the plaintiff which was formerly adjacent to the line of public travel has now become, so far as travel between East Water street and State street is concerned, a side street. The rule is no doubt based largely upon the injustice which would result if the public might acquire lands for one purpose, discontinue the use of the lands for that purpose, and still claim title to the lands for other purposes.

In *Hark v. Gladwell, supra,* the court said:

"A number of cases are referred to by plaintiff's counsel which hold that establishing an alteration in a highway is in law a discontinuance of the part altered, and that an express discontinuance in the order of the old way is unnecessary; and the decisions rest upon sound reason and good sense."

. That the street was altered in this case scarcely admits of reasonable controversy. Having under consideration a somewhat similar situation, the court of appeals in *People ex rel. Bowen v. Jones,* 63 N. Y. 306, said:

"The objection that the change made is not an alteration cannot be sustained. The road is the same; it does not open a new route of travel; it makes a right angle instead of an obtuse angle in an existing highway. . . . Every alteration

of a highway may involve to some extent the laying out of some part of a new highway and the necessary discontinuance of a part of an old highway, but such laying out and discontinuance are the incidents of an alteration, and not independent improvements contemplated by statute under those definitions."

Here the change resulted in a less acute angle in the line of traffic. The new street carries the same traffic that was carried by the old street. The termini of the improved portion of the street coincide with the street lines of State and Martin streets as they existed prior to the improvement. That the proceedings taken by the common council and the work carried on resulted in an alteration of the existing street and not the creation of a new street admits of no reasonable doubt. The law applicable is plain and well established and of almost universal application. See 29 Corp. Jur. p. 516, § 224 and cases cited. The authorities are uniform in holding that the land not included within the line of the new street where a street has been altered reverts to the abutting owner. Judgment should have gone for the plaintiff.

*By the Court.*—Judgment reversed, and cause remanded with directions to enter judgment for the plaintiff.

A motion for a rehearing was denied, with $25 costs, on December 6, 1932.