WILLIAMS, Appellant, vs. LARSON and others, Trustees, Respondents.*

*May 5—June 3, 1952.*

* Motion for rehearing denied, with $25 costs, on September 16, 1952.

630

For the appellant there was a brief by *Doar & Knowles* of New Richmond, and oral argument by *Warren P. Knowles III*.

For the respondents there was a brief by *Gwin & Petersen* of Hudson, and oral argument by *Wendell A. Petersen*.

BROADFOOT, J. In actions of ejectment it is necessary for the plaintiff to establish an interest in the premises claimed and a right to the possession thereof, or to some share, interest, or portion thereof. Sec. 275.02, Stats. The trial court found the plaintiff had failed to establish that she had any interest in said lands for the reason that the deed from Mrs. Williams to the Masonic Lodge, by rule of law, also conveyed the south half of the alley immediately to the north of said lots.

The plaintiff contends that the fee to the alley remained in the grantors and that the deed to the city of Hudson conveyed nothing but an easement to use the property for alley purposes; that the deed to the Lodge made no reference to the alley, and that a conveyance does not include lands except such as are described in the deed. In *Spence v. Frantz,* 195 Wis. 69, 70, 217 N. W. 700, this court said:

"It has long been the established law in Wisconsin that the abutting owner has title to the center of the highway or street adjacent to his property, subject to the public easement. It is equally clear that the conveyance of abutting property transfers the legal title to the land to the center of

the adjacent street or highway, in the absence of a clear intent to the contrary, even where the conveyance names the highway as the boundary of the parcel conveyed. *Gove v. White,* 20 Wis. 425, 432."

This rule with reference to streets is also applicable to alleys. *Pettibone v. Hamilton,* 40 Wis. 402. The reason for the rule is also stated in the *Spence Case, supra,* as follows (p. 71):

"The rule just stated was adopted to guard against the bootless and almost objectless litigation that might spring up to vex and harass the owners of land adjacent to public highways if the title to the land in the highway, with its attendant right to use this land in any way which did not interfere with the rights of the public, should remain in the original owner of the land. 'To have this rule of the least practical importance to cure the evil which it is adopted to remedy, it must be applied to every case where there is not expressed an evident and manifest intention to the contrary— one from which no rational construction can escape. The rule, to be of any practical utility, must be pushed somewhat to the extreme of ordinary rules of construction, so as to apply to all cases, when there is not a clearly expressed intention in the deed to limit the conveyance short of the middle of the . . . highway. . . . "The idea of an intention in the grantor to withhold his interest in a road to the middle of it, after parting with all his right and title to the adjoining land, is never to be presumed. It would be contrary to the universal practice. . . . It would require an express declaration, or something equivalent thereto, to sustain such an inference; and it may be considered as the general rule that a grant of land bounded upon a highway . . . carries the fee in the highway . . . to the center of it, provided the grantor at the time owned to the center, and there be no words or specific description to show a contrary intent." ' *Norcross v. Griffiths,* 65 Wis. 599, 613, 615, 616, 27 N. W. 606."

The plaintiff further contends that the center-of-the-street rule should not be applied here for the reason that the alley

was no part of the subdivision or of the plat thereof; that there is no proof that the plat was recorded, and in fact it could not have been recorded because the owner's certificate thereon must be acknowledged, the surveyor's certificate must be acknowledged, and a certified copy of the ordinance or resolution of the city council approving the plat must be affixed to the plat and certified to by the city clerk.

The original plat was introduced in evidence by the plaintiff. It shows the alley as the north boundary thereof, although it does not dedicate the land for the alley. This was unnecessary as it had already been conveyed by the quitclaim deed. The plat itself contains a notation in the upper right-hand corner of its recording in the office of the register of deeds for St. Croix county, and the deed to the Lodge also referred to the plat as being of record. The certificates were subscribed and sworn to but were not acknowledged. The absence of the acknowledgments has been cured under the provisions of sec. 235.20, Stats. There also appears to be a proper certificate of the city clerk attached to the plat as to the approval of the plat by the city council. If there was any defect in that regard it has been cured by the opening of the alley for use by the public. Sec. 80.01 (4), formerly sec. 80.63, Stats. Also see *Jarstadt v. Morgan,* 48 Wis. 245, 4 N. W. 27, and *Smith v. Beloit,* 122 Wis. 396, 100 N. W. 877.

The trial court properly applied the law to the facts in the case and we can find no merit in the plaintiff's contentions.

Although not decisive of any of the issues, it is interesting to note that the plaintiff prepared and presented her case before the trial court in her own proper person.

*By the Court.*—Judgment affirmed.