GRUNWALDT, Plaintiff and Appellant, v. CITY OF MIL-
WAUKEE and others, Defendants: STATE, Respon-
dent.*

*April 12—June 9, 1967.*

---

\* Motion for rehearing denied, without costs, on September 14, 1967.

532

For the appellant there was a brief by *Eisenberg &
Kletzke,* attorneys, and *Jerome F. Pogodzinski* of counsel,
all of Milwaukee, and oral argument by *Mr. Pogodzinski.*

For the respondent there was a brief by *John J.
Fleming,* city attorney, and *Ewald L. Moerke, Jr.,* and

[1] *Grunwaldt v. State Highway Comm.* (1961), 13 Wis. (2d) 106,
108 N. W. (2d) 133.

*Harvey G. Odenbrett,* assistant city attorneys, and oral argument by *Mr. Moerke.*

WILKIE, J.  Two issues are presented on this appeal.

1.  Was the land formerly in the area encompassed by the eastern half of North Teutonia avenue abandoned and discontinued for highway purposes?

2.  If the land was discontinued for highway purposes, does this land revert to the plaintiff?

The appellant claims title to the property in question under the rule of *Miller Investment Co. v. Milwaukee.*[3] In *Miller* the plaintiff owned land abutting on Martin street.  Martin street was relocated to the south, but the city continued to use the land formerly occupied by Martin street which fronted on the plaintiff's property.  The court held that the city had no right to use this land because it belonged to the plaintiff.  The alteration of Martin street by relocating it resulted in a discontinuance for highway use of the land so altered.[4]  "The authorities are uniform in holding that the land not included within the line of the new street where a street has been altered reverts to the abutting owner."[5]  In the case at bar, plaintiff claims that the alteration of old North Teutonia avenue resulted in discontinuing the land in question for highway use, and this land, therefore, reverts to him.  Thus, it is first necessary to consider the issue of whether there has been an abandonment and discontinuation for highway purposes.

By reference to Exhibit No. 1, a brief description of the land in question will help to put this dispute in

---

[3] (1932), 209 Wis. 517, 244 N. W. 753.

[4] See also *Hark v. Gladwell* (1880), 49 Wis. 172, 177, 5 N. W. 323; *State v. Reesa* (1883), 59 Wis. 106, 17 N. W. 873; *Witter v. Damitz* (1892), 81 Wis. 385, 51 N. W. 575; *State ex rel. Schroeder v. Behnke* (1917), 166 Wis. 65, 162 N. W. 443.

[5] *Miller Investment Co. v. Milwaukee, supra,* footnote 3, at page 525.

perspective. Plaintiff's property lies at the top of the map, east of the relocated highway. The center line of old North Teutonia avenue, the furthest possible westward extent of appellant's property interest, is at the bottom of the exhibit or west of the relocated highway. The property to which the plaintiff claims title lies between the relocated highway and the center line of old North Teutonia avenue. West Douglas avenue intersects relocated North Teutonia avenue across from the appellant's present property and divides the property in dispute into three strips:

(1)   Land north of West Douglas avenue.

(2)   Land encompassed by West Douglas avenue.

(3)   Land south of West Douglas avenue.

Appellant contends that the land in question has been discontinued for highway use and reverts to him. Respondent asserts as a defense that all of the land in question is still being used for highway purposes because the land is used as slope to support the highway. Respondent has moved for summary judgment. In affidavits supporting the motion the assistant city attorney and the city attorney both affy that all of the land upon which the old highway was originally placed is used for slope for the new highway. In affidavits opposing the motion, appellant admits that the parcel of land north of West Douglas avenue is a part of a sloping embankment supporting North Teutonia avenue. Appellant's affidavits controvert the statement by respondent that the strip of land in dispute south of West Douglas avenue is being used for slope for North Teutonia avenue because (1) this land slopes upward away from North Teutonia avenue, and (2) this land is covered with blacktop and is part of a parking area for a shopping center.

Summary judgment can be granted only if there is no issue of fact to be decided.[6] As to the three strips of

[6] *Leszczynski v. Surges* (1966), 30 Wis. (2d) 534, 141 N. W. (2d) 261.

land claimed by the plaintiff, there is a factual dispute whether the land has been discontinued for highway use only as to the parcel south of West Douglas avenue. The parties agree that the parcel north of West Douglas avenue is being used for slope in support of North Teutonia avenue. The land claimed by plaintiff encompassed by West Douglas avenue is obviously still being used for highway purposes. Plaintiff contends that West Douglas avenue did not exist at the time of condemnation so that the land in dispute encompassed by West Douglas avenue was discontinued for highway use. However, this does not appear in plaintiff's affidavits opposing the motion for summary judgment and was not raised as an issue of fact at trial. Further, Milwaukee planned to develop the West Douglas avenue entrance to North Teutonia avenue at the time of condemnation of plaintiff's property and public funds have been spent for highway purposes on the land in dispute encompassed by West Douglas avenue. This means that the land has not been discontinued for highway use.[7]

We conclude, therefore, that summary judgment was properly granted to defendant as to these two strips of the disputed property because there was no issue of fact as to whether they had been discontinued for highway use.

As to the strip of land south of West Douglas avenue, an issue of fact exists as to whether this land is still being used for highway purposes. The trial court concluded that all the land in question had not been discontinued for highway purposes as a matter of law because it was originally acquired for highway purposes and still abutted on a highway. The trial court cited sec. 80.01 (3), Stats., as follows:

---

[7] *State ex rel. Young v. Maresch* (1937), 225 Wis. 225, 273 N. W. 225.

"No lands abutting on any highway, and acquired or held for highway purposes, shall be deemed discontinued for such purposes so long as they abut on any highway."

In its entirety, sec. 80.01 (3), Stats., provides:

"No lands abutting on any highway, and acquired or held for highway purposes, shall be deemed discontinued for such purpose so long as they abut on any highway. All lands acquired for highway purposes after June 23, 1931 may be used for any purpose that the public authorities in control of such highway shall deem to conduce to the public use and enjoyment thereof. Such authorities may improve such lands by suitable planting, to prevent the erosion of the soil or to beautify the highway. The right to protect and to plant vegetation in any highway laid out prior to said date may be acquired in any manner that lands may be acquired for highway purposes. It shall be unlawful for any person to injure any tree or shrub, or cut or trim any vegetation, or make any excavation in any highway laid out after said date or where the right to protect vegetation has been acquired, without the consent of the highway authorities and under their direction but such authorities shall remove, cut or trim or consent to the removing, cutting or removal of any tree, shrub or vegetation in order to provide safety to users of the highway."

The statute was enacted in 1931 by ch. 295 of the 1931 session laws. It was designed to prevent land acquired for highway purposes from reverting back to private ownership, but did not prevent this from happening as to land acquired for highway purposes before June 23, 1931.[8] In the case at bar plaintiff affies that he has owned the land in question since 1905, subject to an easement for old Cedarburg Road (renamed North Teutonia avenue). This land was acquired for highway

---

[8] 22 Op. Atty. Gen. (1933), 416. See also ch. 334, Laws of 1943, which was passed to clarify sec. 80.01 (3), Stats., and indicates the section does not apply to land acquired for highway purposes before 1931.

purposes before 1931 so that sec. 80.01 (3), Stats., does not apply.

Therefore, an issue of fact remains as to whether the parcel of land south of West Douglas avenue was discontinued for highway use. This single issue of fact prevents an affirmance of the trial court's order granting summary judgment, unless the case can be disposed of on other legal grounds.

After the taking in connection with the old North Teutonia avenue, Grunwaldt owned in fee the land underlying the eastern half of that roadway. The state of Wisconsin acquired only an easement to this land. On abandonment of the roadway, if the same can be established, plaintiff claims that the land reverts to him as the owner of the underlying fee.[9]

A barrier exists to plaintiff's reversion claim. In 1959, a parcel of plaintiff's land bordering on old North Teutonia avenue was taken in fee by the state of Wisconsin for use in the Teutonia avenue relocation. The description of land taken from plaintiff in 1959 indicates that the western border of the land taken was the eastern side of old North Teutonia avenue. No express reservation in the deed was made to exclude from the transfer the plaintiff's fee interest in the land subject to an easement for old North Teutonia avenue. Therefore, plaintiff's conveyance in fee of the land bordering old North Teutonia avenue also conveyed any reversionary interest he had in the land subject to the easement for old North Teutonia avenue.

This statement is supported by an annotation in 49 A. L. R. (2d) 982. The problem discussed by this annotation is whether a description with reference to a highway carries title to the center or side of the highway. The unanimous rule is that if land abutting on a highway is conveyed by a description or designation apt or

---

[9] *Miller Investment Co. v. Milwaukee, supra,* footnote 3.

effective to cover it, the grantee, as part and parcel of the grant, takes title to the center of the highway if the grantor owns so much.[10] The basis of the rule is that a landowner can reserve his fee interest in the highway, but such reservation is vexatious and can only be accomplished by express reservation in the deed of the fee interest in the highway. This policy is so strong that the majority rule states that even reference to a side line of the highway as a boundary line is not sufficient to reserve an interest in the land under the highway.[11]

In the case at bar, the description of land taken in fee by the state in 1959 indicates that the western boundary is the highway (old North Teutonia avenue). The issue is whether this description sufficiently reserves plaintiff's reversionary interest in the land underneath the eastern half of old North Teutonia avenue. Wisconsin cases have adopted the rule that the conveyance of abutting property on a street or highway transfers the legal title to the land to the center of the adjacent street or highway, in the absence of a clear intent to the contrary.[12] We hold that the description of land in the case at bar did not sufficiently reserve the plaintiff's interest in the old North Teutonia roadbed. Thus, plaintiff's interest in the former highway right-of-way was transferred to the state by the deed given the state in the 1959 condemnation proceedings.

Since the state of Wisconsin acquired the fee to the plaintiff's land in connection with the condemnation associated with the new Teutonia avenue, the state of Wisconsin acquired all rights to the underlying fee of

[10] Anno. Description with reference to highway as carrying title to center or side of highway, 49 A. L. R. (2d) 982, 984.

[11] Id. at page 1017.

[12] *Weisbrod v. Chicago & N. W. R. Co.* (1864), 18 Wis. 40 (*35); *Norcross v. Griffiths* (1886), 65 Wis. 599, 27 N. W. 606; *Spence v. Frantz* (1928), 195 Wis. 69, 217 N. W. 700; *Williams v. Larson* (1952), 261 Wis. 629, 53 N. W. (2d) 625.

the east half of the old Teutonia avenue on abandonment or discontinuation. Thus it is unnecessary to consider the effect of sec. 80.32 (3), Stats. Summary judgment was properly granted against the plaintiff.

*By the Court.*—Judgment affirmed.