NOTICE: This opinion is subject to motions for rehearing under Rule 22 as well as formal revision before publication in the New Hampshire Reports. Readers are requested to notify the Reporter, Supreme Court of New Hampshire, One Charles Doe Drive, Concord, New Hampshire 03301, of any editorial errors in order that corrections may be made before the opinion goes to press. Errors may be reported by email at the following address: reporter@courts.state.nh.us. Opinions are available on the Internet by 9:00 a.m. on the morning of their release. The direct address of the court's home page is: https://www.courts.nh.gov/our-courts/supreme-court

THE SUPREME COURT OF NEW HAMPSHIRE

_____

Cheshire
Case No. 2023-0265
Citation: Cucchi v. Town of Harrisville, 2024 N.H. 29

JOHN ALEXANDER CUCCHI

v.

TOWN OF HARRISVILLE & a.

Argued: November 14, 2023
Opinion Issued: June 4, 2024

Alfano Law Office, PLLC, of Concord (John F. Hayes and Paul J. Alfano on the brief, and Paul J. Alfano orally), for the plaintiff.

Bradley & Faulkner, P.C., of Keene (Gary J. Kinyon on the memorandum of law and orally), for the defendants.

HANTZ MARCONI, J.

[¶1] The plaintiff, John Alexander Cucchi, appeals a decision of the Superior Court (Smith, J.) granting summary judgment in favor of the defendants, the Town of Harrisville and Pamela Worden, as Trustee of the Pamela Worden Trust of 2020, on the plaintiff's claims to quiet title and for a declaratory judgment concerning disputed property located on Skatutakee Lake in Harrisville. The trial court determined that Worden owned the

disputed parcel, and that the plaintiff therefore lacked standing to challenge the Town's release of its interest in the right-of-way to Worden. We reverse in part, vacate in part, and remand.

I

[¶2] The following facts are derived from the trial court's order or otherwise supported by the record. The plaintiff owns a parcel of land south of Skatutakee Lake in Harrisville. The plaintiff's land abuts the southern edge of Skatutakee Lake Road, which runs along the southern shore of Skatutakee Lake. Skatutakee Lake Road was laid out as a Class V highway in 1939 within a 100-foot right-of-way. Although the right-of-way extends to the water line, the traveled portion of the highway does not occupy the entire right-of-way, so a narrow strip of land sits between the northern edge of the roadway and the lake. Worden owns adjacent land comprised of three merged parcels. One of these now-merged parcels (the disputed parcel) lies on the strip of land north of the traveled portion of Skatutakee Lake Road but within the right-of-way, between the plaintiff's land and the lake. Both the plaintiff and Worden claim ownership of the disputed parcel.

[¶3] The plaintiff acquired his land in 2019. His chain of title traces back to a 1999 deed from June Clooney to Stanley Castor (the Castor Deed). There were several intervening transfers after 1999, the details of which are not relevant to this appeal. The parties agree that at the time of the Castor Deed, Clooney owned both the plaintiff's parcel and the disputed parcel. The Castor Deed describes the northern line of the plaintiff's lot as following a course "easterly along the south line of Skatutakee [Lake] Road." The Castor Deed does not reference the right-of-way or reserve the underlying fee.

[¶4] Worden claims title to the disputed parcel through a 2002 deed from June Clooney to Ruth Shepard and Toni Silk (the Silk Deed) that conveyed, as Tract I, a parcel on the south side of Skatutakee Lake Road. Relevant here, the Silk Deed also transferred, as Tract II, "all right, title and interest, if any," in the disputed parcel. Worden acquired the property by deed from Silk in 2016. In 2019, Worden merged the disputed parcel with other land she owned adjacent to the disputed parcel.

[¶5] Long before the present dispute, in 1978, the Town passed a warrant article authorizing the selectmen to convey its interest in the right-of-way to landowners on the south shore of Skatutakee Lake. In 2021, pursuant to the 1978 warrant article, the Town conveyed most of its rights in the disputed parcel to Worden by quitclaim deed.

[¶6] The plaintiff brought this action in the superior court to quiet title to the disputed parcel. Relying on our opinion in Sheris v. Morton, 111 N.H. 66,

2

71-72 (1971), the plaintiff argued that by conveying property abutting a right-of-way that borders public waters on the opposite side, the Castor Deed is presumed to have conveyed the entirety of the fee under the right-of-way. Thus, the plaintiff contended that any conveyance by Clooney after the Castor Deed was without effect with respect to the disputed parcel. The plaintiff also requested a declaratory judgment that the 1978 warrant article did not authorize the Town's 2021 deed to Worden, and that that conveyance did not comply with RSA 231:43 (Supp. 2023) and 231:45 (2009). Both sides moved for summary judgment.

[¶7] The trial court determined that Worden holds fee ownership over the disputed parcel. The court reasoned that the Castor Deed unambiguously describes the northern boundary of the plaintiff's land as the southern side of Skatutakee Lake Road. The court also noted that on the same day that the Castor Deed was recorded, Clooney's predecessor in title recorded a corrective deed to Clooney which "contained an explicit description of the Disputed Parcel." Thus, the court concluded that Clooney "was aware that she owned a fee interest in the Disputed Parcel and . . . expressly conveyed to Castor only that parcel of her property south of Skatutakee Lake Road." The court rejected the plaintiff's reliance on the presumption recognized in Sheris, finding that because Clooney held the "fee ownership of the entire right-of-way, on both sides of the highway," the presumption did not apply. Instead, the court applied the "time-honored presumption that landowners abutting public highways have fee ownership to the center of the road" and concluded that the Castor Deed conveyed "a fee interest only to the center of the travelled roadway." The court thus granted summary judgment in favor of the defendants on the plaintiff's quiet title claim. Then, based on its conclusion that the plaintiff held no interest in the disputed parcel and therefore lacked standing, the trial court granted summary judgment in favor of the Town on the plaintiff's claims challenging the Town's transfer of its interest in the right-of-way to Worden. The plaintiff then brought this appeal.

II

[¶8] In reviewing a trial court's rulings on cross-motions for summary judgment, we consider the evidence in the light most favorable to each party in its capacity as the nonmoving party. Arell v. Palmer, 173 N.H. 641, 644 (2020). If our review of the record discloses no genuine issue of material fact, and if the moving party is entitled to judgment as a matter of law, we will affirm the grant of summary judgment. Id.

[¶9] The plaintiff argues that the trial court erred when it determined that the whole-road presumption recognized in Sheris did not apply to the Castor Deed. He contends that because the northern edge of the right-of-way abuts Skatutakee Lake, Clooney did not own land on "both sides of the

3

highway" as the trial court concluded. He asserts that the defendants failed to rebut this presumption and that the court should have concluded that the Castor Deed conveyed the disputed parcel. In response, the defendants contend that the Castor Deed unambiguously conveyed property only to the southern edge of the right-of-way and that the centerline presumption applies because "at the time of the 1999 Castor Deed . . . Clooney owned land on both sides of Skatutakee Lake Road."

[¶10] Resolving this issue requires that we interpret the Castor Deed. The proper interpretation of a deed is a question of law for this court. White v. Auger, 171 N.H. 660, 663 (2019). We therefore review the trial court's interpretation of a deed de novo. Id. In interpreting a deed, we give it the meaning intended by the parties at the time they wrote it, considering the surrounding circumstances at that time. Id. We base our judgment on this question of law upon the trial court's findings of fact. Id. If the language of the deed is clear and unambiguous, we will interpret the intended meaning from the deed itself without resort to extrinsic evidence. Id. at 663-64. If, however, the language of the deed is ambiguous, extrinsic evidence of the parties' intentions and the circumstances surrounding the conveyance may be used to clarify its terms. Id. at 664.

[¶11] In Sheris, we explained the centerline presumption and its logical extension:

> a conveyance of land bounded by a stream or a highway is presumed to run to the thread of the stream or the center of the highway, unless a contrary intention is plainly disclosed. An intent that the soil in the river and street shall be owned by a person who does not own the abutting land is so improbable that it would require an[] express exception in the grant, or some clear and unequivocal declaration, or certain and immemorial usage, to limit the title of the grantee to the edge of the street and the edge of the river. Where the public road is abutted on only one side by private property and on the other by public waters, it is the logical corollary of this rule that absent clearly expressed intent to the contrary, the abutter is presumed to take the entire land of the public road.

Sheris, 111 N.H. at 71-72 (quotations omitted). This extension of the centerline presumption (the whole-road presumption) means that "if a deed by its terms conveys to the side of a road, the effect nevertheless is to convey the entire road if the grantor owns the land under the road and does not own the land on the other side." Id. at 72; see also Johnson v. Grenell, 81 N.E. 161, 161-62 (N.Y. 1907); Croucher v. Wooster, 260 N.W. 739, 741 (Mich. 1935). Applying this presumption in Sheris, we concluded that where a deed seemed to convey only to the edge of a right-of-way, but the right-of-way abutted the ocean on the

4

opposite side and the grantor owned the underlying fee, then the deed conveyed the entirety of the right-of-way. Sheris, 111 N.H. at 70-72.

[¶12] Here, there is no dispute concerning the relevant facts. The parties agree that Clooney, not the Town, owned the fee in the land under the right-of-way at the time of the Castor Deed. It is undisputed that the right-of-way is 100 feet in width extending to the shore of the lake. Nor is there a dispute that the entirety of the disputed parcel lies within the right-of-way. Thus, contrary to the finding of the trial court, there was no land owned by Clooney "on both sides of the highway" at the time of the Castor Deed. Rather, Clooney owned land on only one side of, and underneath, the highway right-of-way. The whole-road presumption therefore applies unless the deed contains a "clear and unequivocal declaration . . . to limit the title of the grantee to the edge of the street." Sheris, 111 N.H. at 71 (quotation omitted).

[¶13] The Castor Deed describes the northern boundary of the plaintiff's parcel as running "easterly along the south line of Skatutakee Road," but otherwise contains no express reservation of the land underneath the right-of-way or of any riparian rights. We have previously determined that deed language describing a boundary as "the easterly side of the road" was insufficient to reserve the fee underlying a highway. Woodman v. Spencer, 54 N.H. 505, 510-13 (1874); see also Grunwaldt v. City of Milwaukee, 151 N.W.2d 24, 30 (Wis. 1967) ("[T]he majority rule states that even reference to a side line of the highway as a boundary line is not sufficient to reserve an interest in the land under the highway."). While "a landowner can reserve his fee interest in the highway . . . such reservation is vexatious and can only be accomplished by express reservation in the deed." Grunwaldt, 151 N.W.2d at 30. We therefore conclude that the Castor Deed did not reserve the fee underneath the right-of-way. Accordingly, the whole-road presumption controls. The Castor Deed conveyed the disputed parcel, and the plaintiff now owns the underlying fee.

[¶14] The defendants argue that the 1939 layout of Skatutakee Lake Road "did not divest Clooney or subsequent owners of the Disputed Parcel of that fee ownership." This proposition does not affect our analysis, however, because it is undisputed that at the time of the Castor Deed, Clooney owned the disputed parcel subject to the 1939 layout. The defendants also contend that if the disputed parcel was conveyed by the 1999 Castor Deed, the 2002 deed from Clooney to Silk would require us to "conclude that Clooney was attempting to defraud" Silk. We note, however, that the language used in the Silk Deed conveyed "all right, title and interest, if any," in the disputed parcel. (Emphasis added.) Given this qualification, we cannot conclude that the Silk Deed was fraudulent. Rather, the Silk Deed acknowledged the possibility that Clooney no longer owned the disputed parcel in 2002.

[¶15] In sum, we reverse the decision of the trial court granting summary judgment in favor of the defendants on Count I, the plaintiff's request to quiet title of the disputed parcel, and remand with instructions for the trial court to enter judgment in favor of the plaintiff. In light of our ruling on the quiet title claim, we vacate the trial court's grant of summary judgment in favor of the defendants on Counts II and III, which concern the plaintiff's claims challenging the Town's transfer of its interest in the right-of-way to Worden. We remand for further proceedings consistent with this opinion.

<u>Reversed in part; vacated in part; and remanded.</u>

MACDONALD, C.J., and BASSETT and DONOVAN, JJ., concurred.